Date signed March 26, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CLINT PATRICK HOFFMAN | : | Case No. 11-11508PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GERALDINE HILLS | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 11-0398PM |
| | : | |
| CLINT PATRICK HOFFMAN | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

Geraldine Hills, Plaintiff in this adversary, seeks an order of this court declaring that the judgment of the District Court of Maryland for Frederick County, in the sum of $17,590.00, entered in her favor against the Debtor on May 17, 2012, in Civil Case No. 1101-3652-2008, is excepted from Debtor's discharge entered May 24, 2011. The record does not shed any light on the extent of the Debtor's participation, if any, in the District Court trial.

In support of her claim, Plaintiff cites U.S.C. §§ 523(a)(4) and (a)(6) that provide:

>**11 U.S.C. § 523. Exceptions to discharge**
>   (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of
>this title does not discharge an individual debtor from any debt--
>      (4) for fraud or defalcation while acting in a fiduciary capacity,
>   embezzlement, or larceny;
>         *      *      *      *      *

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Plaintiff must prove her case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 479 (1991).

In deciding this case, the court is handicapped by two factors. First, when the Plaintiff testified she had a near total lack of memory of the critical dates and occurrences in connection with her claim and was totally unfamiliar with the chronology of events in this case. Her testimony was spotty. She was unable to answer specific questions on both direct and cross-examination. On the other hand, the Defendant/Debtor maintained a total lack of business records that he was required to keep under Maryland law. Further, the court does not believe the testimony of the Debtor and his witnesses about Plaintiff's alleged request that they make the subject vehicle "disappear." The court is likewise unimpressed by Mr. Hoffman's explanation as to why he refused a certified letter from Plaintiff's counsel (Plaintiff's Exhibit #2). And, as stated above, the record is also incomplete as to the Defendant's participation in the District Court trial. While it is certain that the judgment was entered in favor of the Plaintiff, that is the extent of what the record shows. This affects the degree of collateral estoppel accorded the judgment.

Added to this incomplete record is the absence of a central character, Plaintiff's nephew, Larry Giles ("Giles"), who worked for the Defendant. Giles was the middle man in the transaction with whom Plaintiff handled all preliminary discussions about the vehicle that is the subject of the litigation. Neither side seems to know Giles' whereabouts. Defendant testified that he fired Giles after Giles stole his automobile. One thing is certain. The vehicle was in bad shape at the time that it was towed to the Defendant's repair facility in April or early summer 2006. All arrangements regarding the pickup of the vehicle are said to have been made to Plaintiff's nephew. All early conversations about the vehicle were through him.

This case deals with a certain 2008 Hyundai Elantra motor vehicle, then owned by Plaintiff, that was towed to the business premises of the Defendant for repair and its subsequent disposition by the Defendant. Defendant testified that following receipt of the automobile, a three-part estimate was prepared and delivered by Larry Giles to the Plaintiff. The estimate is said to describe severe damage to the vehicle and that the automobile would require substantial repairs to the head gasket and timing belt. The court cannot find from the record that the repairs were ever done or, if started, ever completed.

Defendant operated an automotive repair facility as defined by MD. COM. LAW ANN §14-1001(b) (2011Supp).  There were numerous violations of Maryland law as required by subtitle 10 of Chapter 14 of the Commercial Law Article.  If Defendant prepared a written estimate for repair work, as required by Section 14-1002, he kept no record of it.  Likewise, there was no signed copy of the invoice for the repairs as required by Section 14-1003, nor did he give Plaintiff notice by certified mail of intention to sell the vehicle as required by Section 16-2007.  At some point, Defendant contacted Plaintiff by an undated letter that appears in the record as Plaintiff's Exhibit #1.  When Plaintiff responded, Defendant refused to accept post-dated checks in payment of the alleged repairs and subsequently junked the vehicle, although it wound up in the possession of Defendant's son at a later time.

Based on the record before it, the court finds that it is unable to apply the doctrine of collateral estoppel to the District Court finding.  While it is true that the District Court allowed attorney's fees to the Plaintiff, this was done pursuant to MD. COM. LAW ANN. §13-408(b). That statute merely requires a finding of a violation of the provisions of the consumer law in the nature of an unfair deceptive practice.  As pointed out in the case *Nestorio v. Associates Commercial Corp.*, 250 B.R. 5055 (D. Md. 2000), four of the following elements must present:

> Under federal principles of collateral estoppel, before a party will be estopped from relitigating an issue, the following elements must be present: (1) the issue sought to be precluded was the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir. 1988) (citing *In re Ross*, 602 F.2d 604, 607-08 (3d Cir. 1979).

On the record before it, the court is unable to find that the issues sought to be precluded, such as conversion and malicious injury, were the same as involved in the prior action, or that the action was actually litigated.

Plaintiff has not sustained her burden of proof under 11 U.S.C. § 523(a)(4).  By no stretch of the imagination could an auto repair shop be considered a fiduciary of the bailor. There is nothing in this record to support a finding that it was acting in a fiduciary capacity.  *See generally, In re Strack*, 524 F.3d 493 (CA4 2008).  There was no trust relationship.  Nor can the court rule in Plaintiff's favor on alleged larceny, as the vehicle came into Defendant's possession lawfully.

Section 523(a)(6) of the Bankruptcy Code excepts from discharge "an individual debtor

from any debt - for willful and malicious injury by the debtor to another entity or to the property of another entity." As the Supreme Court explains in the case of *Kawaahu v. Geiger*, 523 U.S. 57 61-62 (1998),

> The word "willful" in (a)(6) modified the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury."

Since the *Geiger* decision, courts have struggled to determine whether debtor must have specifically intended the injury or whether the commission of an intentional tort that is substantially certain to result in injury is sufficient to satisfy the willfulness requirement. *See In re Davis*, 262 B.R. 663, 670 (BC E.D. Va. 2001): *In re Miller,* 156 F.3d 598, 603 (CA5 1998); *In re Granati,* 270 B.R. 575, 591 (BC E.D. Va. 2001), *affd* 307 B.R. 827 (E.D. Va. 2002), *affd* 2003 WL 21215098 (CA4 2003). Again, the court cannot find from the record that here the Defendant acted with sufficient certainty that harm would result to the Plaintiff for disposing of what he thought was a junker for less than what he believed he was owed or that he had a subjective motive to cause Plaintiff harm. *See generally, In re Miller*, 156 F.3d 598, 603 (CA5 1998).

While the business methods of the Defendant appear to be deplorable and shoddy, the court cannot find from the record before it that the Plaintiff has shown, by a preponderance of the evidence, conduct by the Defendant that makes this debt nondischargeable pursuant to Section 523(a)(4) and (a)(6) of the Bankruptcy Code. An appropriate order will be entered.

cc:
Lawrence E. Heffner, Jr., Esq., 151 W. Patrick Street, Frederick, MD 21701
Brian E. Barkley, Esq., 51 Monroe Street, #1407, Rockville, MD 20850
Patrick Hoffman, 315 Braddock Avenue, Frederick, MD 21701
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**